IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILIP D. BUCHANAN, pro se,     *

    Plaintiff,               *

        v.                 *          Civil Action No. RDB-16-2550

STATE OF MARYLAND, et al.,     *

    Defendants.          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

*Pro se* plaintiff Philip D. Buchanan ("plaintiff" or "Buchanan") has filed this action against a series of defendants for damages based on the alleged publication of false credit information about him.   (Complaint, ECF No. 1 at 15, 17.)   While plaintiff's original Complaint does not expressly identify the statute, later filings by plaintiff (ECF Nos. 27, 60, 72) refer to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, as the legal basis for his claims.[1]   As plaintiff's claims appear to be based on a federal statute, this Court's jurisdiction is proper under 28 U.S.C. § 1331.[2]

Plaintiff named ten (10) defendants in his original Complaint: the State of Maryland, the Comptroller of Maryland, Gayle M. Davis, Investment Retrievers, Experian, Trans

---

[1] Although several defendants have moved on procedural grounds to strike what have been construed as plaintiff's amended pleadings, these motions will be denied, as set forth below.  *See* ECF Nos. 75, 76, 78, 79, 80, 81.

[2] Plaintiff's Complaint and supplemental submissions invoke diversity of citizenship, 28 U.S.C. § 1332, as the basis for federal jurisdiction.  As plaintiff is a citizen of Maryland, and the State of Maryland has been named as a defendant, diversity of citizenship <u>is not</u> a valid basis for federal jurisdiction in this case.  Furthermore, there is no indication that the amount in controversy exceeds $75,000 so as to warrant jurisdiction under § 1332.  However, plaintiff's reference to the Fair Credit Reporting Act, a federal statute, <u>is a valid basis</u> for federal jurisdiction in this case pursuant to 28 U.S.C. § 1331.

Union, Equifax, AFNI, Inc., AT&T Inc., and Lexis Nexis.  (ECF No. 1.)  Several of those defendants now move to dismiss plaintiff's claims on the grounds that plaintiff has failed to state a plausible claim against them.[3]  Fed. R. Civ. P. 12(b)(6).  Other defendants assert that this Court does not properly exercise jurisdiction over them and, thus, must dismiss plaintiff's claims against them.[4]  Fed. R. Civ. P. 12(b)(1).  In addition, several defendants ask the Court to strike what have been docketed as plaintiff's amended complaints because plaintiff did not obtain defendants' or this Court's permission before filing the amendments.[5]  Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 12(f).  Finally, one defendant requests that plaintiff provide more information about his allegations.[6]  Fed. R. Civ. P. 12(e).

The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  As set forth in detail below, plaintiff shall be given a final opportunity to amend his complaint, though certain parties shall be dismissed from this case.

## BACKGROUND

*Pro se* plaintiff Philip D. Buchanan filed a Complaint in July 2016 against ten (10) defendants alleging that defendants harmed his credit and limited his earning potential on account of the reporting of erroneous debts on his credit reports.  (ECF No. 1 at 15-16.) The Complaint refers to three separate debts which Buchanan alleges were erroneously reported against him.  (*Id.*)

---

[3] ECF Nos. 41, 45, 62, 63, 65, 66, 68, 70.

[4] ECF Nos. 19, 56, 57.

[5] ECF Nos. 75, 76, 78, 79, 80, 81.

[6] ECF No. 42.

First, Buchanan alleges that the State of Maryland, through the Comptroller of Maryland and its agent defendant Gayle M. Davis, erroneously reported a state tax lien against him in the amount of $1979.00.  (ECF No. 1 at 15.)  Plaintiff alleges that the State of Maryland reported the lien to Lexis Nexis, and that Lexis Nexis reported the lien to Trans Union.  (*Id.*)  Plaintiff further alleges that the lien was later reported to Equifax, and, later yet, to Experian, "in which it remains currently, 9 years later."  (*Id.*)  Attached to the Complaint is a letter dated April 25, 2013 from the Comptroller of Maryland to "Credit Reporting Agency" stating that the lien issued against Buchanan was vacated and withdrawn on August 16, 2011.  (ECF No. 1-1 at 1.)  Second, plaintiff alleges that AT&T "reported the Erroneous debt in 2012" and sold the "Erroneous Debt to AFNI, Inc. in 2014."  (*Id.* at 16.)  The Complaint later specifies that the allegedly erroneous debt amounted to $370.00.  (*Id.* at 17.)  Buchanan alleges that AFNI, Inc. "reported Erroneous debt to Equifax in 2014" and that "Equifax re-inserts Erroneous debt."  (*Id.* at 16.)  Third, Buchanan alleges that defendant Investment Retrievers "[r]eported another invaled [*sic*] debt from NMAC to Equifax, and Experian."  (ECF No. 1 at 16.)  Buchanan appears to allege that the way in which this debt was reported was in error.  (*Id.*)  Plaintiff alleges that all defendants were "grossly negligent" in their reporting, resulting in a loss of earnings potential and a continuing, adverse impact on his "personal, business, and financial life."  (ECF No. 1 at 17.)

Following service of plaintiff's Complaint, several defendants filed timely motions to dismiss; the credit reporting agency defendants ("CRAs"), Trans Union, Equifax, and Experian, initially filed answers; and Lexis Nexis Risk Solutions, Inc. filed a motion for a more definite statement.  Plaintiff then filed an "Addendum" disputing certain arguments

raised by defendants.  (ECF No. 27.)

While the Motions to Dismiss were pending and without seeking leave of court, plaintiff filed what was docketed as an amended complaint on November 7, 2016.  (ECF No. 60.)  Plaintiff attached a series of exhibits to the 'amended complaint', including a copy of his Experian credit report, dated June 25, 2015.  (*Id.* at 6.)  Several defendants then moved and/or renewed their motions to dismiss the 'amended complaint'.  While this latest round of motions was pending, plaintiff filed what was construed as a second amended complaint, again without seeking leave of court.  (ECF No. 72.)  The filing of the 'second amended complaint' prompted several defendants to file motions to strike plaintiff's latest submission.

STANDARDS OF REVIEW

I.      **Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.  Where the challenge is

factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

## II.    Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility

standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d

at 166 (citations omitted).  To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately.  *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

## III.   Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on a party's timely motion.  Fed. R. Civ. P. 12(f).  In *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), the United States Court of Appeals for the Fourth Circuit noted that, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic'" (citing 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)).  *See also Stockart.com, LLC v. Caraustar Custom Packaging Grp., Inc.*, RDB-05-2409, 240 F.R.D. 195, 199 (D. Md. 2006).

<u>ANALYSIS</u>

I.     **Motions to Dismiss**

       **A. Plaintiff's Claims Against Defendants State of Maryland, Comptroller of
       Maryland, and Gayle M. Davis**

Defendants the State of Maryland, the Comptroller of Maryland, and Gayle M.
Davis[7] ("the State Defendants") move to dismiss plaintiff's Complaint on two grounds.
First, the State Defendants argue that this Court lacks subject matter jurisdiction over them
based on plaintiff's decision to premise jurisdiction on the diversity of the parties'
citizenship. (ECF No. 57-1 at 2.) Second, the State Defendants argue that this suit is barred
by the Eleventh Amendment to the Constitution. (ECF No. 57-1 at 3-4.) Plaintiff has not
filed any response in opposition.

The Eleventh Amendment to the Constitution, grants immunity to the State
Defendants. "[T]he Judicial power of the United States shall not be construed to extend to
any suit in law or equity, commenced or prosecuted against one of the United States by
Citizens of another State...." This withdrawal of jurisdiction effectively confers immunity
from suit. Thus, "this Court has consistently held that an unconsenting State is immune
from suits brought in federal courts by her own citizens as well as by citizens of another
State." *Puerto Rico Aqueduct and Sewer Auth v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1992).
Absent waiver, neither a State nor agencies acting under its control may "be subject to suit in
federal court." *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 480, 107
S.Ct. 2941, 2949–2950, 97 L.Ed.2d 389 (1987). "This immunity applies to state agencies…

---

[7] Plaintiff's allegations make clear that Ms. Davis acted only in her official capacity as agent of the
Comptroller. She is thus entitled to the same immunity which extends to the Comptroller.

characterized as 'arms' of the state." *Mount Healthy City Board of Ed. V.* Doyle, 429 U.W. 274, 280 (1977). "A private party therefore may not bring an action under a federal statute in federal court against a non-consenting state agency." *Mills v. Maine*, 118 F.3d 37, 49, 55 (1st Cir.1997). The Comptroller has not waived its immunity from suit. *Kuypers v. Comptroller*, 173 F.Supp.2d 396 (D. Md. 2001).

Plaintiff's claims against the State Defendants are barred as a matter of law. Accordingly, the State Defendants' Amended Motion to Dismiss (ECF No. 57) is GRANTED, and the State of Maryland, the Comptroller of Maryland, and Gayle M. Davis are DISMISSED WITH PREJUDICE.[8]

### B. Motions to Dismiss for Failure to State a Plausible Claim

The remaining defendants move to dismiss plaintiff's Complaint on the basis that Buchanan fails to state a plausible claim for relief.[9]  (ECF Nos. 41, 45, 62, 63, 65, 66, 68, 70.)

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and

---

[8] The State Defendants' original Motion to Dismiss (ECF No. 56) is DENIED AS MOOT.

[9] Defendant LexisNexis Risk Data Retrieval Services, LLC initially filed a Motion for a More Definite Statement.  (ECF No. 42.)  Insofar as plaintiff is hereby given a final opportunity to provide detailed factual allegations about his claims, this Motion is GRANTED.

   Defendant AT&T Inc. ("AT&T") also moves to dismiss plaintiff's Complaint for lack of personal jurisdiction on the basis that plaintiff has named a related holding company as a defendant. (ECF No. 19.) AT&T thus looks entirely past plaintiff's *pro se* status and his obvious misunderstanding of the corporate identity of his creditor.  There can be little doubt that there is at least one AT&T entity with which plaintiff had business dealings and which is subject to this Court's long-arm jurisdiction. **In his Amended Complaint, plaintiff should name as a defendant (and properly serve process on) the AT&T corporate entity with which he conducted business and which he believes reported the erroneous debt of $370.00 against him.**  AT&T's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 19) is DENIED without prejudice to re-file.  AT&T's Motion to Dismiss for Failure to State a Claim (ECF No. 68), which incorporates arguments set forth in ECF No. 19, shall be held in abeyance, as set forth above.

conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought…." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The Court has thoroughly examined the Complaint and finds that it is insufficient and does not comply with federal pleading requirements. The Complaint lacks sufficient factual content to allow defendants to provide a meaningful answer to plaintiff's allegations. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted).

**Plaintiff will be given the opportunity to amend his Complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a). Plaintiff must describe how each defendant allegedly violated the Fair Credit**

**Reporting Act and provide dates for the alleged conduct.  Plaintiff is forewarned that failure to adequately supplement the pleading will result in dismissal of the Complaint with prejudice and without further notice.  Plaintiff shall file his Amended Complaint no later than <u>Tuesday, February 14, 2017</u>.**

Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) shall be held in abeyance pending the filing of plaintiff's Amended Complaint.  Within fourteen (14) days after plaintiff files his amended complaint, defendants may file supplemental briefing—<u>not to exceed 5 pages in length per defendant</u>—in support of their respective Motions to Dismiss.

## II.     Motions to Strike

As plaintiff shall be allowed to file a final, amended complaint, the pending Motions to Strike plaintiff's putative 'amended pleadings' (ECF Nos. 75, 76, 78, 79, 80, 81) will be DENIED AS MOOT.

CONCLUSION

For the reasons stated above, the State Defendants' Amended Motion to Dismiss (ECF No. 57) is GRANTED; plaintiff's claims against defendants the State of Maryland, the Comptroller of Maryland, and Gayle M. Davis are DISMISSED WITH PREJUDICE; AT&T Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 19) is DENIED; defendant LexisNexis Risk Data Retrieval Services, LLC's Motion for a More Definite Statement (ECF No. 42) is GRANTED; the pending Motions to Strike (ECF Nos. 75, 76, 78, 79, 80, 81) are DENIED AS MOOT; plaintiff shall file an Amended Complaint no later than **Tuesday, February 14, 2017**; within fourteen (14) days after plaintiff files his

Amended Complaint, defendants may file supplemental briefing—not to exceed 5 pages in length per defendant—in support of their respective Motions to Dismiss; the pending Motions to Dismiss pursuant to Rule 12(b)(6) (ECF Nos. 41, 45, 62, 63, 65, 66, 68, 70) shall be held in abeyance pending the filing of plaintiff's Amended Complaint.

A separate Order follows.

Dated: January 31, 2017                    _____/s/_____
                                           Richard D. Bennett
                                           United States District Judge